# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STACY MILLER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0111-I-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: February 1, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Charleston, South Carolina, for the appellant.

Carla Eldred, APO, APO/FPO Europe, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction, without holding a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Until her resignation, effective August 15, 2016, the appellant was employed by the agency as a Teacher. Initial Appeal File (IAF), Tab 6 at 14, 16. In October 2016, the appellant filed this appeal, alleging that she was coerced into resigning because of a hostile work environment and discrimination based on her age and sex, as well as reprisal related to her prior equal employment opportunity (EEO) activity. IAF, Tab 1 at 5-6.

¶3 The administrative judge informed the appellant how to establish jurisdiction over her involuntary resignation claim, and ordered her to file evidence and argument on that issue. IAF, Tab 3 at 2-4. The appellant did not respond. In her initial decision dismissing the appeal for lack of jurisdiction, the administrative judge found that the appellant failed to allege any specific facts to support her claim of involuntary resignation, and thus failed to nonfrivolously allege jurisdiction. IAF, Tab 9, Initial Decision (ID). Because the administrative judge found that the appellant failed to raise nonfrivolous allegations that her

resignation was involuntary, the administrative judge did not hold the appellant's requested hearing.  IAF, Tab 1 at 7; ID at 1-2.

¶4        The appellant has filed a petition for review, arguing that she was forced to resign due to intolerable working conditions, and, for the first time on review, alleging specific facts in support of her claim.  Petition for Review (PFR) File, Tab 3 at 5-23.  She additionally includes for the first time on review the transcripts of several depositions from October 2014 that were taken in connection with an EEO complaint that she had filed, her own December 2014 declaration in support of her EEO complaint, and a handwritten summary of another witness's deposition—seemingly from November 2014.  *Id*. at 28-116. The agency has not filed a response.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant failed to nonfrivolously allege her resignation was the result of intolerable working conditions based on her nonspecific factual allegations.</u>

¶5        An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Jones v. Department of the Interior*, 76 M.S.P.R. 43, 45 (1997).  Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 10 (2010).

¶6        An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency.  *Id.*, ¶ 12 (citing *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996)).  The appellant here has not alleged that her resignation resulted from agency misinformation.  Rather, she has argued both below and on review

that she resigned as a result of a hostile work environment created by her Principal and Vice Principal. IAF, Tab 1 at 5-6; PFR File, Tab 3 at 13-26. In determining whether intolerable working conditions have rendered an action involuntary, the issue is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to resign. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Searcy*, 114 M.S.P.R. 281, ¶ 12. In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.[2] *Brown*, 115 M.S.P.R. 609, ¶ 10.

¶7    The administrative judge found that, although the appellant indicated that she filed an EEO complaint and used various adjectives to describe the purported improper acts by the agency, she failed to allege any specific facts to support her claim.[3] ID at 5. In doing so, the administrative judge properly considered the appellant's allegations of discrimination only insofar as they related to the issue of voluntariness. *Id*.

¶8    On review, the appellant appears to restate many of her generalized allegations. PFR File, Tab 3 at 5-26. She also expands on some of these allegations. For example, she asserts that she was "isolated, aggressively

---

[2] The appellant argues that she established her retaliation and a hostile work environment claims under Title VII standards. PFR File, Tab 3 at 16-26. Because these legal standards are not applicable to the instant appeal, her arguments that she met them are not persuasive. *See Brown*, 115 M.S.P.R. 609, ¶ 10.

[3] The administrative judge observed that although the appellant indicated in her initial appeal that she had attached documents which "set forth in detail" the "conduct giving rise to this appeal," no such documents were attached to her pleading. ID at 5 & n.3 (quoting IAF, Tab 1 at 6). Similarly, despite the appellant's assertion on review that she attached a "Pre-complaint Intake Form which sets forth a summary of events which gives rise to this complaint," PFR File, Tab 3 at 6-7, no such form was attached to her petition for review.

questioned, yelled at, mocked, mimicked, second-guessed, micromanaged, castigated and falsely portrayed" by her Principal and Vice Principal. *Id.* at 8, 10, 26. She also characterizes these managers as "harshly judg[ing] her" grading practices and claims that they "move[d] the poor performing students into her classes in mass." *Id.* at 11-12. She alleges that in the last 7 months of her employment she was "subjected to a heightened level of hostility." *Id.* at 7-8. Additionally, she asserts that the Principal attempted to intimidate her to prevent her from testifying at a deposition, but fails to provide any clarifying details about this alleged intimidation—such as whether it occurred in-person, what statements he made or behavior he exhibited, or when it happened. *Id.* at 22. These allegations are still vague, conclusory, or otherwise unsupported, and therefore do not satisfy the Board's nonfrivolous pleading standard. *See Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶¶ 10-11 (2009) (finding that an appellant's allegations that coworkers "spread[ ] rumors" about him because they were "trying to get back at [him] for some reason" were vague and general, thus falling short of nonfrivolous allegations of intolerable working conditions that could establish jurisdiction over his allegedly forced resignation); *Dodson v. U.S. Postal Service*, 67 M.S.P.R. 84, 87 (1995) (finding that the appellant failed to set forth specific assertions of fact, which, if proven, would support her claim that her retirement resulted from "duress" and "misinformation"); *Collins v. Defense Logistics Agency*, 55 M.S.P.R. 185, 189-90 (1992) (finding, in the context of an involuntary resignation appeal in which the appellant argued that she was forced to resign because of discrimination and retaliation, that her failure to make allegations specifying the particular acts of harassment, discrimination, or retaliation directed toward her warranted dismissing the appeal for lack of jurisdiction without affording her a jurisdictional hearing), *modified on other grounds by Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329-30 (1994); 5 C.F.R. § 1201.4(s)(1) (providing that to be considered nonfrivolous, an allegation generally needs to be, amongst other things, more than conclusory).

Accordingly, these allegations do not warrant a different outcome from that of the initial decision.

<u>The appellant's factual allegations and legal arguments raised for the first time on review fall short of nonfrivolous allegations that her resignation was the result of intolerable working conditions.</u>

¶9    The appellant has provided some more specific allegations of fact on review.  PFR File, Tab 3 at 5-10, 102-12.  She also alleges for the first time that the agency failed to accommodate her disability, harassed her based on that disability, and retaliated against her for activity other than her own EEO complaints.  *Id.* at 5-8, 18.  The question of whether the appellant resigned involuntarily implicates the Board's jurisdiction, *see Quiet v. Department of Transportation*, 104 M.S.P.R. 292, ¶ 6 (2006), an issue that is always before the Board, *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 9 (2012). Accordingly, we have considered the appellant's new argument and allegations on review.  *See Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (recognizing that the Board may consider evidence submitted for the first time on petition for review if it implicates the Board's jurisdiction); *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (considering an appellant's jurisdictional arguments raised for the first time on review). Nevertheless, as indicated below, we find that she still fails to raise a nonfrivolous allegation that her resignation was involuntary.

*The appellant's new legal arguments do not provide a basis to disturb the initial decision.*

¶10    An agency's denial of a reasonable accommodation to an eligible employee is a factor to be considered in determining whether the agency coerced the appellant's resignation.  *Brown*, 115 M.S.P.R. 609, ¶ 16.  Here, however, the appellant fails to indicate what accommodations she requested, when she made her requests, or that the requested accommodations would have permitted her to

continue working.[4]    PFR File, Tab 3 at 5-7.   Accordingly, the appellant's assertion fails to meet the nonfrivolous pleading standard.   *Collins*, 55 M.S.P.R. at 189-90; *see Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010) (finding that an appellant nonfrivolously alleged her resignation was involuntary when it followed the agency's denial of her request to telecommute, which her doctor indicated would have permitted her to continue working).

¶11        The appellant also alleges for the first time on review that the agency harassed her because of her disability and retaliated against her because of her role as a union representative and for assisting in the EEO complaints of other employees.   PFR File, Tab 3 at 6.   She raises additional bases of retaliation, including for reporting abuses of power and other wrongdoing such as the manipulation of transcripts, attendance policy violations, hostility toward teachers, and improprieties in hiring and the assignment of work and classrooms.   *Id.* at 7-8.   To the extent that the appellant alleges she was retaliated against for making a protected disclosure or engaging in a protected activity, we may only consider such claims in the context of this appeal insofar as they relate to the issue of whether her resignation was voluntary, and not whether she established separate affirmative defenses.[5]    *See Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 24 (2004); *see also* 5 U.S.C.§ 2302(b)(9)(A)-(B); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015) (explaining that performing union-related duties, such as filing grievances and representing other employees in the grievance process, are protected activities under section 2302(b)(9)).   These new alleged bases for the agency's actions fail for the same

[4] Although the appellant asserts that she suffers from back conditions that have resulted in lifting and sitting restrictions, PFR File, Tab 3 at 5-6, she does not clarify if her requests for accommodation were related to these conditions and restrictions.

[5] An involuntary resignation claim is cognizable in an individual right of action (IRA) appeal. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 10 (2015).   We make no finding regarding whether the Board would have jurisdiction over an IRA appeal of the appellant's resignation or the viability of any such claim.

reasons the appellant's allegations of EEO discrimination and reprisal failed below; they are unaccompanied by specific allegations of fact.

> *The appellant's new factual allegations do not state a basis to disturb the initial decision.*

¶12     The appellant's December 2014 declaration, which she submits for the first time on review, contains some specific allegations of fact.  PFR File, Tab 3 at 102-112.  We have considered these allegations but have accorded them relatively little weight.  The incidents described therein occurred at least 20 months prior to the appellant's August 2016 resignation.[6]   IAF, Tab 6 at 14.   Although an appellant is not limited to "any particular time frame" in asserting that an agency's actions coerced her into resigning or retiring, "the most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement."  *Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000).  Thus, in *Terban*, when the appellant decided to retire in June 1997, the U.S. Court of Appeals for the Federal Circuit found that the Board was well within its discretion when it afforded relatively little weight to the intolerable working conditions that he allegedly suffered between 1993 and 1995. *Id*. at 1023-24.  As the court noted, the appellant's "own actions—i.e., continuing to withstand the unwelcome treatment—indicate that he had an alternative to retirement."  *Id*. at 1024-25.

¶13     To summarize, the appellant alleges such incidents as the following:  (1) the Principal and Vice Principal interviewed students to solicit information that they then misrepresented and used against her, PFR File, Tab 3 at 105; (2) in a hostile

---

[6] In the petition for review, the appellant's representative asserts that during her last 3 months of employment, the appellant was subjected to various forms of harassment, such as the Vice Principal appearing at her classroom doorway and silently glaring at her on at least 50 occasions.  PFR File, Tab 3 at 25-26.  The appellant's representative appears to be mistaken, as the appellant discussed these alleged incidents in her December 2014 declaration.  *Id*. at 102-06, 109, 112.

email, the Vice Principal once demanded that she submit 2 weeks' worth of lesson plans, *id*. at 107; (3) the Vice Principal told the appellant's supervisor that she was the worst teacher in the school, *id*. at 109; (3) the Vice Principal tried to set her up for failure in 2013 by putting students who did not get along in her study hall, *id*. at 108; (4) in 2013, the Vice Principal violated procedures by setting up appointments between the appellant and the parents of two of her failing students on the last day of the school year rather than 2 weeks in advance, *id*. at 109-10; (5) in 2014, the Vice Principal repeatedly accused her, falsely, of showing movies all class period, *id*. at 106-07; and (6) on December 5, 2014, the Vice Principal coached a parent on what to say to the appellant during an unscheduled meeting he forced her to hold, after which he falsely accused the appellant of trying to avoid the parent in question, *id*. at 102-04.

¶14        We find that, even if proven, these alleged working conditions are not so difficult as to leave a reasonable person with no choice but to resign. An employee is not guaranteed a stress-free working environment. *Brown*, 115 M.S.P.R. 609, ¶ 15. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Id*. Thus, the Board has found that an appellant's assertions of being overworked, groundlessly criticized, denied a merit increase and bonus, and denied a more flexible schedule than others, due in part to her sex, age, and prior EEO activity, failed to constitute nonfrivolous allegations that she was coerced into retiring. *Id.*, ¶¶ 13, 15. Similarly, the appellant's allegations here fail to amount to nonfrivolous allegations that she was coerced into resigning.

¶15        The appellant also asserted that the Vice Principal was physically threatening and that she was afraid he would physically harm her, in addition to causing her fear, stress, anxiety, and depression. PFR File, Tab 3 at 104-05. Specifically, the appellant alleged the following: (1) at the end of the 2013 school year, she witnessed the Vice Principal follow and then yell at a colleague

while closing the space between them, *id*. at 68, 111-12; (2) on December 13, 2013, the Vice Principal "cornered" the appellant in her classroom and "denied [her] the right to have another teacher present" while he was there, which so unnerved her that she filed a police report, *id.* at 102; (3) in or before October 2014, the Vice Principal came to her classroom "more than 50 times" to silently stare at her, *id*. at 102; (4) after the appellant met with the Vice Principal in his office in November 2014, he arrived at his next meeting with his bloody hand wrapped in tissue, saying that he had lost his temper, *id*. at 104; and (5) one day in December 2014, the appellant returned to school 45 minutes after it had ended to find the Principal and Vice Principal standing at her classroom doorway, and later noticed indications that they had been at her desk—despite their suggestions to the contrary, *id*. at 112.

¶16 Although the appellant's allegations concerning the Vice Principal's threatening manner are smore concerning, the only specific alleged instances of such behavior occurred 20 or more months prior to her resignation. Because of this significant lapse in time, the alleged harassment and threatening behavior is entitled to little weight in determining whether the appellant's resignation was involuntary. *See Terban*, 216 F.3d at 1024. None of the appellant's factual allegations suggest that the agency was forcing her to make any type of decision in August 2016, and her decision to resign at that time appears to have been entirely self-initiated. *See Brown*, 115 M.S.P.R. 609, ¶ 15 (declining to conclude an appellant nonfrivolously alleged she involuntarily retired under such circumstances); *see also Terban*, 216 F.3d at 1025 (finding that the petitioner was "unable to establish any precipitating event that occurred relatively close in time to his retirement which would have given a reasonable employee no choice but to retire").

¶17 The appellant indicated she filed an EEO complaint in or about December 2013, PFR File, Tab 3 at 102, but asserts that an EEO administrator "refused to properly process or otherwise entertain" her complaints of

discrimination and that the agency "improperly sat on" and refused to investigate her complaints,[7] *id.* at 7. Although an agency's mishandling of an appellant's EEO complaint may be considered in evaluating her claim of involuntary resignation, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009), here the appellant's EEO complaint was before the Equal Employment Opportunity Commission (EEOC) by at least October 2014, PFR File, Tab 3 at 29. Accordingly, regardless of whether the agency mishandled her EEO complaint, the appellant was able to pursue her claims before the EEOC long before her resignation, and she does not assert that her claims were inadequately addressed in that forum.[8]

¶18    "[T]he doctrine of coercive involuntariness is a narrow one." *Staats*, 99 F.3d at 1124. Considering the totality of the circumstances, we find that the appellant's allegations fail to indicate that her working conditions were made so difficult that a reasonable person in her position would have felt compelled to resign at the time she did. Accordingly, we deny the petition for review, and affirm the initial decision dismissing the appeal for lack of jurisdiction without holding a hearing.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[7] The appellant also asserts that an EEO manager facilitated and enabled discrimination and retaliation against her, but provides no specific factual allegations in support of her assertion. PFR File, Tab 3 at 7.

[8] The record does not reveal how the appellant's EEO complaint was resolved.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.